# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

MICHAEL LAWRENCE HOBSON                             PLAINTIFF

v.                                     CIVIL ACTION NO. 3:18-CV-P188-CHB

ELIZABETHTOWN POLICE DEPT. et al.                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Lawrence Hobson filed a *pro se*, *in forma pauperis* complaint. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the Court will dismiss some claims and allow others to proceed.

## I. SUMMARY OF CLAIMS

Plaintiff was an inmate at the Hardin County Detention Center when he filed the complaint in this action. He names as Defendants Elizabethtown Police Department Officer William T. Boling in his official and individual capacities and the Elizabethtown Police Department (EPD).

Plaintiff alleges that on or about April 19, 2017, Defendant Boling violated his Fourth Amendment rights by fabricating evidence to obtain an arrest warrant. He states that there was no probable cause for Defendant Boling to obtain an arrest warrant and, therefore, Plaintiff was unreasonably detained. He states that on April 19, 2017, "Alleged victims called 911 and told one story then told another story to [Defendant] Boling once he arrived on the scene. Then [Defendant] Boling invited the alleged victim to the police station where he recorded an even different story on 4/20/2017." Plaintiff alleges that due to Defendant Boling's "fabrication" he

was illegally searched, "hauled off to jail," and charged with terroristic threatening in the third degree. He states that these charges were later dropped "after I took a plea for a felony indictment from another incident which allegedly took place during the arrest for the bogus terroristic threatening." Plaintiff alleges that Defendant Boling "lied during his probable cause statement saying that I had a gun. The lie was a blatant lie if you look at the victim statement in writing and on video."

As relief, Plaintiff asks for monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Claim against EPD and the Official-Capacity Claim against Defendant Boling

The Court will first dismiss Plaintiff's claim against the EPD because it is not an entity subject to suit under § 1983. *See Mayers v. Williams*, No. 16-5409, 2017 WL 4857567, at *3 (6th Cir. Apr. 21, 2017) (holding that a police department may not be sued under § 1983) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (per curiam) (holding that a sheriff's department may not be sued under § 1983). Rather, the proper defendant is the City of Elizabethtown. *See Matthews v. Jones*, 35 F.3d at 1049 ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). Similarly, Plaintiff's official-capacity claim against Defendant Boling, as an EPD officer, is actually against his employer, the City of Elizabethtown. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Official-capacity suits . . . generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.") (internal quotation marks and citation omitted).

When a § 1983 claim is made against a municipality, like the City of Elizabethtown, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). With regard to the second prong, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that

policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that any constitutional violation occurred as the result of a policy or custom implemented or endorsed by the City of Elizabethtown. Accordingly, the Court will dismiss Plaintiff's claims against the EPD and against Defendant Boling in his official capacity for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claim against Defendant Boling

The Court will allow Plaintiff's individual-capacity claim against Defendant Boling for the alleged violation of his Fourth Amendment rights to proceed at this time.  In so doing, the Court passes no judgment on the ultimate merits of this claim.

### IV. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's claims against the EPD and Plaintiff's official-capacity claim against Defendant Boling are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to terminate Defendant Elizabethtown Police Department as a party to this action.

The Court will enter an Order Directing Service and Scheduling Order concerning the

Fourth Amendment claim the Court has allowed to proceed against Defendant Boling in his individual capacity.

Date: August 6, 2018

*Claria Horn Boom*
Claria Boom, District Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants
 Elizabethtown City Attorney
A958.009