UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| MICHAEL LAWRENCE HOBSON, | ) |
| Plaintiff, | ) Civil Action No. 3:18-CV-P188-CHB |
| v. | ) **MEMORANDUM AND ORDER** |
| ELIZABETHTOWN POLICE DEPT., *et al.*, | ) |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The sole remaining Defendant in this action, Officer William T. Boling, filed a motion for summary judgment (R. 23). *Pro se* Plaintiff Michael Lawrence Hobson responded (DN 25),[1] and Defendant filed a reply (R. 28). The matter being ripe, the Court will grant Defendant's motion for the following reasons.

**I.**

In his complaint, Plaintiff alleged that on or about April 19, 2017, Defendant violated his Fourth Amendment rights by fabricating evidence to obtain an arrest warrant. He stated that there was no probable cause for Defendant to obtain an arrest warrant and, therefore, Plaintiff was unreasonably detained. He stated that on that date, "Alleged victims called 911 and told one story then told another story to [Defendant] Boling, once he arrived on the scene. Then [Defendant] Boling invited the alleged victim to the police station where he recorded an even different story on 4/20/2017." Plaintiff alleged that due to Defendant's "fabrication" he was illegally searched, "hauled off to jail," and charged with terroristic threatening in the third

---

[1] Although Plaintiff did not respond to the motion for summary judgment within the response time, the Court gave Plaintiff an additional 30 days as well as guidance on the requirements of Fed. R. Civ. P. 56. *See* DN 24. Plaintiff then filed his response within the allotted time.

degree. He stated that these charges were later dropped "after I took a plea for a felony indictment from another incident which allegedly took place during the arrest for the bogus terroristic threatening." Plaintiff alleged that Defendant "lied during his probable cause statement saying that I had a gun. The lie was a blatant lie if you look at the victim statement in writing and on video." On initial screening of the complaint, the Court allowed the individual-capacity claim against Defendant for the alleged violation of Plaintiff's Fourth Amendment rights to proceed.

The motion for summary judgment argues that Plaintiff's claims of false arrest, false imprisonment, and fabrication of evidence fail as a matter of law because Defendant had probable cause to arrest Plaintiff.[2] Defendant argues that his decision to arrest Plaintiff was based on a recorded statement by Gabriel Cleaver, the alleged victim of the terroristic threatening, to the Elizabethtown Police Department in which he stated unequivocally that Plaintiff made specific threats, involving a gun, to end his life, and based on interviews with two independent eye witnesses, John McKinney and Mary Jester, who corroborated Cleaver's allegations. Defendant argues that these three statements are more than adequate to support a finding of probable cause.

Attached to the motion for summary judgment is a copy of the arrest warrant dated April 26, 2017, signed by Defendant and electronically signed by the state-court judge. The "Complaint" portion states as follows:

> The Affiant, William T. Boling (ELIZABETHTOWN POLICE DEPT. 0073), states that on 4/19/2017 at 12:00 in HARDIN County, Kentucky, [Hobson] unlawfully: On 04/19/17 around 1200 hrs the victim was walking in the area of 830 Bellwood Drive where [Hobson] approached him in a motor vehicle. The

---

[2] Defendant's motion also argues that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's claims, that Defendant is entitled to qualified immunity, and that Plaintiff's claims are too vague and unspecific. Because the Court's finding on the issue of probable cause is dispositive, the Court does not consider Defendant's alternative arguments.

victim states that [Hobson] threatened to kill him during a verbal altercation where the victim was accused of being a snitch where [Hobson] showed the victim that he had a handgun in between the seats of the vehicle. [Hobson] then departed the area.

Also attached is a police-report narrative by Defendant dated April 20, 2017, stating:

> On 4/19/17 around 1429 hrs I was dispatched to 532 Bellwood Dr in reference to terroristic threatening. Upon arrival, I made contact with Roxanne Bradley and Gabriel Cleaver. Gabriel Cleaver stated that he was walking in the area of 530 Bellwood Dr on this date in between 1200 hrs and 1330 where Michael Hobson threatened to kill him. Cleaver stated that Hobson appears to be upset with him and is accusing him of being a snitch and calling the police all the time. Cleaver advised that Hobson drove up to him in a blue passenger car on this date where he cut him off. Cleaver advised that Hobson then stated that he was going to kill him tonight. Cleaver advised that Hobson never pointed or pulled a handgun on him, but pointed down in between his seat inside the vehicle where Cleaver advised that it appeared that Hobson had a handgun. I also spoke with neighbors at 533 Bellwood Dr who were identified as John McKinney and Mary Jester. Both advised me that they heard Hobson threaten to kill Cleaver where he had pulled up in a vehicle next to him on Bellwood Dr.
> On 4/20/17 around 0827 hrs Gabriel Cleaver responded to post for a recorded interview when an interview was completed. Refer to the recorded interview disc which was played into evidence. I will be obtaining a warrant for Michael Hobson for terroristic threatening 3rd.

Eyewitness Jester's statement dated November 2, 2018, is also attached. In it, she states that on April 19, 2017, she witnessed a car pull next to her friend "Gabe. . . real slow next to him threating to kill him and did the hand motion of pointing gun at him." Defendant also attaches the affidavit of Jester dated January 3, 2019, in which she avers that on April 19, 2017, she observed

> [a] car pull up next to Gabe Cleaver, driving slowly, and I heard the driver, who I knew to be Michael Hobson, threaten to kill Gabe Cleaver. Mr. Hobson made a motion with his hand like he was pointing a gun at Gabe and said "I will kill you. You're dead," and Mr. Hobson said that he would be back that night to kill him.

Also attached is the affidavit of Don Jones, a prosecutor with the Hardin County Attorney's Office, who prosecuted Plaintiff. He avers that, in his role as prosecutor, he screens criminal complaints to determine independently whether probable cause existed for arrest; that

3

he found that Defendant had probable cause to arrest Plaintiff for Terroristic Threatening, 3rd Degree, involving threats made toward Cleaver; and that at no time did his opinion change. He further avers that, as a matter of judicial economy, he dismissed the misdemeanor terroristic threatening charge after Plaintiff was sentenced to 25 years' imprisonment on more serious drug-related charges.

In response to the motion for summary judgment, Plaintiff asserts, in pertinent part, that Cleaver stated that Plaintiff had never "showed a gun or point a gun but pointed in between the seats like he had a gun," making Defendant's statement that Plaintiff "showed the victim that he had a gun a false statement." He contends that all witness and victim statements conflict with each other and that Defendant made a false statement to obtain the arrest warrant. Plaintiff's response is not sworn, and he offers no attachments in support.

In reply, Defendant argues, in pertinent part, that Plaintiff makes only vague, self-serving, and unsupported arguments which do not rise to the level of a genuine issue of material fact regarding his contention that probable cause did not exist to arrest him for terroristic threatening.

## II.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the

burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id*. If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

It is well-established in the Sixth Circuit that a facially valid warrant is a complete defense to a federal constitutional claim for false arrest and false imprisonment. *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005) (citing *Baker v. McCollan*, 443 U.S. 137, 143-44 (1979)). The only exception to this rule is for defendants who intentionally mislead or intentionally omit material information from arrest warrants. *Gregory v. City of Louisville*, 444 F.3d 725, 758 (6th Cir. 2006) ("Police officers cannot, in good faith, rely on a judicial determination of probable cause when that determination was premised on an officer's own material misrepresentations to the court."); *see also Sykes v. Anderson*, 625 F.3d 294, 312 (6th Cir. 2010).

Here, the record clearly establishes that Plaintiff was arrested pursuant to a facially valid warrant. Thus, Plaintiff's claims fail unless he can show that Defendant intentionally misled or omitted material information from the arrest warrant. Plaintiff has not shown that Defendant intentionally misled or omitted material information in the process of obtaining the arrest warrant.

Plaintiff has offered only his own conclusory and unsubstantiated statements to the contrary. Further, although he argues that there is a discrepancy between the arrest warrant and Cleaver's statement, there is not. The police-report narrative dated April 20, 2017, states: "Cleaver advised that Hobson never pointed or pulled a handgun on him, but pointed down in

5

between his seat inside the vehicle where Cleaver advised that it appeared that Hobson had a handgun." The statement in the arrest warrant does not differ significantly. It states: "The victim states that [Hobson] threatened to kill him during a verbal altercation where the victim was accused of being a snitch where [Hobson] showed the victim that he had a handgun in between the seats of the vehicle." The statement in the arrest warrant, although phrased differently, echoes the statement in the victim report wherein Cleaver stated that Plaintiff did not show Cleaver a gun but instead indicated that he had one. Thus, the record supports the conclusion that Defendant did not intentionally mislead or omit material information in obtaining the facially valid arrest warrant.

Nor do the eyewitness statements conflict with each other or the victim. The police narrative attached to Defendant's motion for summary judgment states that eye witnesses McKinney and Jester "[b]oth advised [Defendant] that they heard Hobson threaten to kill Cleaver where he had pulled up in a vehicle next to him on Bellwood Dr." Both Jester's statement and affidavit support the victim's statement that Plaintiff had threatened him. Further, Defendant attached to his motion the affidavit of the prosecutor who averred that in his independent assessment of the matter he concluded that probable cause existed.

The Court finds that Defendant has met his burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 383. As such, Defendant is entitled to summary judgment in his favor.

## III.

For the foregoing reasons,

**IT IS ORDERED** that Defendant's motion for summary judgment (R. 23) is **GRANTED**.

Because Defendant is the sole remaining Defendant in this case, by separate Judgment, the Court will dismiss this action.

Date: July 24, 2019

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
 Counsel of record
A958.009